IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00810-ZLW-MJW

DANIEL JAMES VIGIL,

      Plaintiff,

v.

BLAKE McCLELLAN, Mesa County Deputy Sheriff, individual capacity,
CHAD SEARCY, Mesa County Deputy Sheriff, individual capacity,
MIKE ROBERTS, Mesa County Deputy Sheriff, individual capacity,
JOHN BROWNLEE, Mesa County Deputy Sheriff, individual capacity,
MELINDA SCHUBERT, Mesa County Deputy Sheriff, individual capacity, and
JOHN DOE, Mesa County Deputy Sheriff, individual capacity,

      Defendants.

---

## PROTECTIVE ORDER ( 74 - 2 )

---

Each Party and each Counsel of Record have stipulated and moved the Court for

Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the

treatment of Confidential Information (as hereinafter defined), and the Court, upon a finding of

good cause, orders as follows:

     1.     In this action, at least one of the Parties has sought and/or is seeking Confidential

Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concerning

Confidential Information in the course of depositions. The disclosure of such information

outside the scope of this litigation could result in significant injury to one or more of the Parties'

business or privacy interests.

2.     "Confidential Information" means any document, file, portions of files, electronic data, audio, video, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public and implicating a business or privacy interest – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

a. the Parties and/or their representatives' personnel files;

b. witness statements in any format;

c. medical records;

d. internal affairs investigation files;

e. security and/or investigative policies or procedures; and

f. other documents that implicate a business or privacy interest.

3.     Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.     By stamping the word "Confidential" on each page or document produced which contains confidential information;

b.     By identifying material in a discovery response material as privileged or "Confidential;" and

c.     With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

2

4.     All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.     It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.     It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit "A" has been signed.

5.     Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.     The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of confidential information and maintain a list of all persons to whom any Confidential Information is disclosed.

7.     During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If a Party disagrees with the other party's showing of substantial need,

3

then a party may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

9.     During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within twenty (20) business days after the notice is received. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

4

11.    In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2. and 7.3.

12.    The termination of this action shall not relieve counsel or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, ~~even after this action is terminated~~. until Termination of This case.

13.    By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14.    Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order.  Alternatively, the receiving Party's counsel shall destroy all Confidential Information received and shall certify to all parties that the same was destroyed. At that time, counsel shall also file under seal with this Court the list of individuals, aside from law office employees, who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6, herein.

15.    Nothing in this Protective Order shall require production of information which either party contends is protected from disclosure by the attorney-client privilege or the work product immunity.  If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or

5

otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If either party has inadvertently produced to the other party information subject to claim of immunity or privilege, the other party upon request shall promptly return the information for which a claim of inadvertent production is made. The party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

16.    Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this _____ 2 H_ _____ day of _____ December _____, 2009.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6

**STIPULATED AND AGREED TO:**

s/ Alan N. Hassler
Alan N. Hassler
THE HASSLER LAW FIRM, P.C.
2829 North Avenue, Suite 205
Post Office Box 40386
Grand Junction, Colorado  81504
(970) 243-2952
E-mail anhassler@hasslerlawpc.com
*Attorney for Defendants McClellan, Searcy &*
*Roberts*

s/ Douglas Jewell
**Douglas Jewell, Esq.**
BRUNO COLIN JEWELL & LOWE, P.C.
1999 Broadway Street, Suite 3100
Denver, CO 80202
Telephone: 303-831-1099
Fax: 303-831-1088
E-mail: ldjewell@bcjlpc.com
*Attorney for Defendant Roberts  in his individual*
*capacity*

s/ Katie R. Schwalb
Natalie Hanlon-Leh
Jacqueline T. Harlow
Katie R. Schwalb
FAEGRE & BENSON LLP
3200 Wells Fargo Center
Denver, CO  80203
Telephone:  (303) 607-3500
Facsimile:  (303) 607-3600
E-mail:  kschwalb@faegre.com
E-mail:  nhanlonleh@faegre.com
E-mail:  jharlow@faegre.com
*Attorneys for Plaintiff*

7

**EXHIBIT A**

**AFFIDAVIT**

STATE OF COLORADO   )
                            ) ss

COUNTY OF             )

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in *Daniel James Vigil v. Blake Mcclellan, Mesa County Deputy Sheriff, individual capacity, Chad Searcy, Mesa County Deputy Sheriff, individual capacity, Mike Roberts, Mesa County Deputy Sheriff, individual capacity, John Brownlee, Mesa County Deputy Sheriff, individual capacity, Melinda Schubert, Mesa County Deputy Sheriff, individual capacity, and John Doe, Mesa County Deputy Sheriff, individual capacity*, Civil Action No. 09-cv-00810-ZLW-MJW (D. Colo.), a copy of which is attached to this Affidavit.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

Telephone No.: (_____) _____

8

*SUBSCRIBED AND SWORN* to before me this _____ day of
_____, 200__ by _____.

WITNESS my hand and official seal.

[SEAL]

_____
Notary Public
My commission expires:_____

9